THE PEOPLE *v*. TORRES.

APPEAL from the District Court of Arecibo.

No. 61.—Decided November 28, 1905.

CRIMINAL LAW—NEW TRIAL—VERDICT CONTRARY TO THE EVIDENCE—BILL OF EXCEPTIONS.—Where the court denies a motion for a new trial on the ground that the verdict is contrary to the evidence, the accused should take an exception to such ruling and set forth the same in a bill of exceptions in accordance with the provisions of sections 298 and 299 of the Code of Criminal Procedure.

ID.—STATEMENT OF FACTS.—In the absence of a bill of exceptions or statement of facts, the appellate court will presume that the verdict and judgment are in accordance with the evidence.

ID.—STENOGRAPHER'S NOTES—INSTRUCTIONS OF THE COURT TO THE JURY.—In order that the stenographer's notes of the instructions given by the court to

the jury may form part of the transcript of the record and be used on appeal in the same manner as if they had been set forth in a bill of exceptions, it is necessary that the same should contain the endorsements setting forth the decision of the court in relation of the questions raised with respect thereto.

ID.—MINUTES OF THE COURT.—The minutes of the court should contain only a brief statement or memorandum of the facts occurring at the trial, without reference to the evidence, which in no case may be set out in the minutes of the court.

STATUTES—DISCREPANCY BETWEEN THE ENGLISH AND SPANISH TEXTS.—Where discrepancies exist between the English and Spanish texts of the law, the former must be considered as the original text and the Spanish must be subordinated thereto.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not enter an appearance.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The appellant in this cause was charged by the *fiscal* of the District Court of Arecibo with the crime of seduction, and upon the trial being held the jury returned a verdict of guilty, with a recommendation for clemency.

Before sentence was pronounced a motion was made for a new trial on the ground that the verdict of the jury was contrary to the law and the evidence. The judge of said court dismissed the motion, and on November 5th of last year rendered judgment sentencing the defendant for the crime of seduction to imprisonment in the penitentiary, at hard labor, for three years and six months, to pay a fine of $500 and the costs, and in default of payment to suffer imprisonment at the rate of one day for every dollar not paid.

An appeal was taken from the order denying a new trial, and from the judgement, to this Supreme Court, in which the record was filed on August 19th last. It contains a transcript of the stenographic notes consisting of 24 pages, setting forth in detail the testimony of each witness, by means of questions and answers, the stenographer, Francisco Montilla, certifying at the end thereof that the preceding constitutes a true copy of the stenographic notes taken by him at the trial held in said court on November 2, 1904.

The appellant, through his counsel Simon Large, filed a brief here in which it is alleged:

"First. That the verdict is contrary to law and the evidence.

"Second. That the evidence taken at the trial as the basis of the verdict and sentence is insufficient to establish the criminal act charged."

Upon these allegations he prays for the reversal of the judgment appealed from and the acquittal of the defendant, or, otherwise, for a new trial.

The *fiscal* of this court opposes the prayers of the petitioner and maintains that the judgment appealed from should be affirmed in all respects.

The appellant filed a motion in the District Court of Arecibo for a new trial on the ground that the verdict, in his opinion, was contrary to law and the evidence. (Subdivision 6, sec. 303 of the Code of Criminal Procedure.) So that the question comes under subdivision 3 of section 296.

His petition was denied; and then the provisions of section 298 should have been followed and a bill of exceptions prepared within the term therein prescribed, which, with the approval of the *fiscal,* or without it if not possible to obtain it, would have secured a decision signed by the judge of the district court, or, in a proper case, a decision by this Supreme Court.

This bill of exceptions, in accordance with section 299, should contain only so much of the evidence necessary to present all of the questions of law upon which the exceptions were taken, because the judge, according to the same provision, has the power whether the parties agree or not, to strike out all other matters contained in the bill.

This is what the law provides for such cases.

And as to the statement of facts upon the evidence, the rules issued for the government of district courts, approved by the Attorney General, in a spirit which harmonizes with that of the said Law of Procedure, provide:

"Rule 17. After the trial of a cause, the defense, or the prosecuting attorney, may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection; such statements of facts must contain a full and complete statement of all the facts given in evidence on the trial of the cause, setting forth the testimony of each witness in concise narrative form, and shall include copies of all papers, documents and exhibits adduced in evidence, and the certificate of the parties, or their attorneys, attached thereto, must so state. If the defendant, or his attorney, and the prosecuting attorney, agree upon the statement of facts, they shall submit it to the judge, and he shall, if he finds it correct, approve and sign it, and the same shall be filed with the secretary, and a copy thereof shall be incorporated in the transcript on appeal. Should the parties fail to agree, the statement of facts shall then be made up by the judge, who shall certify to the same; and shall also certify that the parties failed to agree. Such statement of fact must be made up and filed within such time as the court may designate, not to exceed the time allowed for the settlement of bill of exceptions."

Had the juridical problem been thus presented, this Supreme Court would have been able to determine the real scope of the evidence and decide the question raised, in the proper manner.

This has not been done, and for the purpose of showing that the evidence is insufficient and that the verdict is contrary thereto and to law, all that is brought up on this appeal is the stenographic notes in the form described, and they do not furnish sufficient guarantee to be worthy of our consideration, and still less for us to risk a judgment differing from the verdict returned by the jury.

The law always presumes that the verdict and the sentence conform to the evidence taken at the trial, and if this be so, nothing can be done against the evidence behind the backs of the judge and the *fiscal*. It is necessary, therefore, that they should be allowed a certain intervention, and they would surely have had it if the bill of exceptions or the statement of facts had come up in the form described.

Nor can the provisions of section 300 of the Code of

Criminal Procedure be cited in support of the allegation that stenographic notes should be effective for the purpose proposed by the appellant.

This provision speaks, according to the English version of this law, of the notes taken down by reporters, but even these notes, when relating to instructions to the jury, must bear an endorsement showing the action of the court in order that they may form part of the record, and only in this form may they be taken advantage of on appeal, in like manner as if presented in a bill of exceptions.

Note, therefore, how, in this case, relating only to written charges to the jury, or a report thereof, more formalities are necessary than simple notes, namely, an endorsement showing the action of the court thereon, the purpose of this provision being to establish that such instructions and none other were given, and then this court would be in a position to discuss them without fear of committing material errors.

But this question is not now involved; and returning to the case appealed, the law approved on March 10, 1904, ''to provide for the appointment, duties, and compensation of stenographer of the district court,'' may also perhaps be advanced in refutation thereof.

The last paragraph of section 5 thereof provides; in the Spanish text:

''*Dicha copia del record constituirá 'prima facie' del acta del jucio y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión ó apelación del mismo, en los casos en que el acta del tribunal sea necesaria.*''

''Such copy of the record shall constitute *prima facie* the record (*acta*) of the trial and may be used on all motions for new trials, review or appeal, in cases in which the record (*acta*) of the court may be necessary.''

But we may assert that there is a serious error in the translation here. In the English edition, which must prevail, the word ''minutes'' is used instead of *acta,* and this word

"minutes" is not equivalent to the signification formerly accepted as the meaning of the word *acta* which was the document containing a statement of everything important that had occurred during the oral trial, and which was signed by the court, the parties and the secretary.

No, "minutes" means a brief summary or memorandum or a succinct statement of the acts which occurred in the court, without any relation whatever to the evidence, which is never embodied in the minutes of the court.

Therefore, taking these differences into consideration, the true construction of the paragraph of the law under consideration, should be as follows:

"*Dicha copia del record constituirá 'prima facie' de las minutas del juicio y podrá usarse etc. etc., en los casos en que las minutas del Tribunal sean necesarias.*"

"Such copy of the record shall constitute *prima facie* the *minutes* of the trial and may be used, etc., etc., in cases in which the *minutes* of the court may be necessary."

In appeal No. 62, from the Arecibo court, *The People of Porto Rico* v. *Juan de Mata Eligier and Juan del Carmen Grolo,* which was decided on the 20th instant, the value of the stenographic notes was also involved, and there, in order to establish the meaning of the word *minutes,* the definition thereof in Bouvier's Dictionary was discussed, and the article on the subject and the authorities cited in 15 American and English Encyclopedia of Law (1st ed., p. 618).

We refer to the opinion in that case delivered by Mr. Justice MacLeary, which opinion was accepted by this Supreme Court, and on which the judgment rendered was based.

Under the circumstances and considering the manner in which this appeal has been presented, there is no ground whatever for considering insufficient or erroneous the evidence considered in rendering the verdict or the judgment. Under these circumstances, nothing remains but to affirm the judgment appealed from denying a new trial, and affirming

also the judgment of the District Court of Arecibo of November 5, 1904.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, MacLeary, and Wolf concurred.